IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL ROGERS, )<br>)<br>Plaintiff, )<br>) Case No. _____<br>v. )<br>)<br>AMERICAN FEDERATION OF )<br>GOVERNMENT EMPLOYEES, AFL-CIO, )<br>AFGE DISTRICT 5, )<br>)<br>Defendant. )<br>) | |

## COMPLAINT

Plaintiff, Gail Rogers ("ROGERS") is a member of the Union, the American Federation of Government Employees, AFL-CIO ("AFGE"), who was falsely suspended from office with AFGE 5th District as Secretary/Treasurer after Rogers alleged misconduct and irregularities with AFGE's records.

1. Gail Rogers ("ROGERS") is a member of the union, the American Federation of Government Employees, AFL-CIO ("AFGE").

2. The American Federation of Government Employees, AFL-CIO ("AFGE") is a labor organization under 5 U.S.C. § 7103(a) (4).

3. Rogers is a resident of Georgia, retired from Robins Air Force Base, resides in Warner Robins, Georgia, and was formerly Secretary/Treasurer of AFGE Fifth District C-19.

4. The American Federation of Government Employees, AFL-CIO ("AFGE"), AFGE District 5 is a labor organization under 5 U.S.C. § 7103(a) (4), with offices at District 5 Office, 6724 Church Street, Suite 2, Riverdale, Clayton County, Georgia. AFGE may be served with process at 6724 Church Street, Suite 2, Riverdale, GA 30274.

5.     Under 28 U.S. §1391 (a) (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. Under 28 U.S. §1391 (b) (1) a civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located. Venue is proper in the Northern District Atlanta Division because AFGE 5th District is an entity operating in Clayton County, Georgia.

6.     The case involves the following federal laws: The Labor Management Reporting and Disclosure Act, 29 U.S.C. 401, and 29 U.S.C. 431 (LMRDA); Title VII of the Civil Service Reform Act of 1978, or the Federal Service Labor Management Relations Statute, (CSRA), Pub. L. No 95-454, 91 Stat. 1111 (1978), 5 U.S.C. § 7101 et. seq.; and Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961, et. seq., Federal Whistleblower Protection, and state law: RICO: O.C.G.A. § 16-14-1. et. seq., and common law breach of contract.

7.     In accordance with a Union Member's rights under LMRDA and CSRA, Rogers asked the Department of Labor to take administrative action on AFGE on charges of financial misconduct, and no action was taken against AFGE.

8.     Rogers was suspended from AFGE Office after an alleged "kangaroo" trial on April 19, 2012 on trumped up charges of alleged financial mismanagement over postage stamps and a travel voucher, when Rogers was unable to book a flight and instead drove to an AFGE event.   Rogers appealed said ruling, but the appeal was meaningless and the violations against Rogers have been ongoing in violation of Rogers contractual agreement with AFGE.

9.     AFGE upheld Roger's six-year suspension but somehow refused to even investigate any of the financial irregularities Rogers lodged against AFGE, amounting those irregularities, as "minor record-keeping violations, rather than major corruption."

10. AFGE District 5 commenced charges against Rogers after Rogers questioned computer and financial irregularities with AFGE's monies, specifically local AFGE Union AFL-CIO LU 987 which is part of AFGE 5th District C-19 of which Rogers was Secretary/Treasurer.

11. AFGE AFL-CIO LU 987 received numerous LMRDA violations by the Department of Labor due to improper use of credit cards, failure to record receipts, and failure to report certificates of deposits and interest of said certificates of deposits.

12. Rogers resubmitted charges against AFGE District 5 National Vice President Everett B. Kelly on June 27, 2016.

13. Rogers notified AFGE National President John David Cox on June 20, 2016 and July 17, 2016 that because the Department of Labor never substantiated charges against Rogers, that AFGE was prohibited from taking adverse action against Rogers, and yet AFGE District 5 failed to clear Rogers' name, reinstate Rogers to office, or put Rogers in good standing with AFGE.

14. Rogers continued to complain to AFGE in writing and at meetings of the illegal financial practices and irregularities in the books discovered prior to 2012 to the present.

15. AFGE District 5 took over local AFGE Union 987 in trusteeship and intervened in local elections, removing duly elected Union Officers in violation of the AFGE Union Constitution, on or about August 12, 2016.

16. AFGE District 5 breached the Union Constitution.  The Union Constitution is a contract.

17. AFGE 5th District barred Rogers from doing any work with the Union, only allowing Rogers to go to meetings.

18. Rogers is currently under the illegally mandated 6-year suspension and AFGE 5th

District Vice President Everett Kelley has denied Rogers the ability to assist in registering new union members or assist with any union activities.

19. AFGE Local 987 of which is part of AFGE 5th District is a part of, has over $2 million dollars in actual cash on hand, with projected dues of over $1.5 million dollars in membership dues from Robins Air Force Base alone with well over 3269 members of AFGE from Robins Air Force Base; meaning that when AFGE 5th District National Vice President Everett Kelley persuaded AFGE National President John David Cox to impose trusteeship, taking over all the equities and properties, tangible and otherwise of AFGE Local 987 into AFGE 5th District, AFGE 5th District hit the proverbial lottery, assuming financial control of all the assets in the organization.

20. Rogers was secretary/treasurer of AFGE 5th District for over 9 years, and never had any issues until Rogers noticed financial irregularities in AFGE accounting and record keeping that, contrary to AFGE National did amount to major financial corruption and not minor technical irregularities.

21. AFGE hid assets and erroneously put monies in other sources or names not documented for the records.

22. LMRDA imposes a fiduciary obligation on officers, agents, shop stewards, and other representatives of a labor organization.

**Count 1**

23. Rogers realleges and reincorporates paragraphs 1-22.

24. AFGE has violated the LMRDA, and as a result Rogers has suffered damages.

**Count 2**

25. Rogers realleges and reincorporates paragraphs 1-24.

26. AFGE has violated the CSRA, and as a result Rogers has suffered damages.

## Count 3

27. Rogers realleges and reincorporates paragraphs 1-26.

28. AFGE has conducted and continues to conduct business through legitimate and illegitimate means in the form of an association-in-fact enterprise and or legal entity enterprise.

29. At all relevant times, AFGE is a RICO Defendant, or "person" under 18 U.S.C. §1961 (3) and O.C.G.A §16-4-3 because AFGE is capable of holding and does hold a "legal or beneficial interest in property."

30. AFGE committed predicate acts that contributed to the acquisition and control of the enterprise, which resulted in direct injury to Rogers.

31. Rogers suffered individual harm caused by AFGE.

32. AFGE has violated RICO, and as a result Rogers has suffered damages.

## Count 4

33. Rogers realleges and reincorporates paragraphs 1- 32.

34. AFGE has breached its contract with Rogers, and as a result Rogers has suffered damages.

WHEREFORE, the Plaintiff, Gail Rogers respectfully requests the Honorable Court:

(a) Order AFGE in violation of said actions outlined herein;

(b) Award Rogers all damages: equitable and compensatory, to the fullest extent of the law, including all attorney fees;

(c) Award Rogers treble damages and punitive damages;

(d) Allow Rogers a trial by jury;

(e) Declare Rogers 6-year suspension invalid, and order AFGE to apologize to Rogers;

(f) Award all other relief as justice so may require and so allowed under federal and state law.

Respectfully submitted this 19th day of APRIL, 2018.

/s/ Bonnie Michelle Smith
Bonnie Michelle Smith
Georgia Bar No. 654848
MICHELLE SMITH ATTORNEY AT LAW
P.O. Box 8633
Warner Robins, GA 31095
Telephone:  478.953.3661
Facsimile:  888.646.8754
msmith158@juno.com

*Attorney for Plaintiff GAIL ROGERS*