**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GAIL ROGERS,

Plaintiff,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, AFGE DISTRICT 5,

Defendant.

Case No. 1:18-CV-1676-SCJ

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Gail Rogers ("ROGERS") is a member of the Union, the American Federation of Government Employees, AFL-CIO ("AFGE"), who was falsely suspended from office with AFGE 5th District as Secretary/Treasurer after Rogers alleged misconduct and irregularities with AFGE's records.

1. Gail Rogers ("ROGERS") is a member of the union, the American Federation of Government Employees, AFL-CIO ("AFGE").

2. The American Federation of Government Employees, AFL-CIO ("AFGE") is a labor organization under 5 U.S.C. § 7103(a) (4).

3. Rogers is a resident of Georgia, retired from Robins Air Force Base, resides in Warner Robins, Georgia, and was formerly Secretary/Treasurer of AFGE Fifth District C-19.

4. The American Federation of Government Employees, AFL-CIO ("AFGE"), AFGE District 5 is a labor organization under 5 U.S.C. § 7103(a) (4), with offices at District 5 Office, 6724 Church Street, Suite 2, Riverdale, Clayton County, Georgia. AFGE may be served with process at 6724 Church Street, Suite 2, Riverdale, GA 30274.

5. Under 28 U.S. §1391 (a) (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature. Under 28 U.S. §1391 (b) (1) a civil action may be brought in a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located. Venue is proper in the Northern District Atlanta Division because AFGE 5th District is an entity operating in Clayton County, Georgia.

6. The case involves the following federal laws: The Labor Management Reporting and Disclosure Act, 29 U.S.C. 401, and 29 U.S.C. 431 (LMRDA); Title VII of the Civil Service Reform Act of 1978, or the Federal Service Labor Management Relations Statute, (CSRA), Pub. L. No 95-454, 91 Stat. 1111 (1978), 5 U.S.C. § 7101 et. seq.; and Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. 1961, et. seq., Federal Whistleblower Protection, and state law: RICO: O.C.G.A. § 16-14-1. et. seq., 29 U.S.C. 185, 29 U.S.C. 411(a) (5), 29 U.S.C. 411 (a) (2).

7. In accordance with a Union Member's rights under LMRDA and

CSRA, Rogers asked the Department of Labor to take administrative action on AFGE on charges of financial misconduct, and no action was taken against AFGE.

8. Rogers was suspended from AFGE Office after an alleged "kangaroo" trial on April 19, 2012 on trumped up charges of alleged financial mismanagement over postage stamps and a travel voucher, when Rogers was unable to book a flight and instead drove to an AFGE event. Rogers appealed said ruling, but the appeal was meaningless and the violations against Rogers have been ongoing in violation of Rogers contractual agreement with AFGE.

9. Gail Rogers was denied a fair hearing.

10. AFGE's Constitution is a contract within the meaning of the statute under 29 U.S.C. 185.

11. Article XXIII requires a fair hearing under that contract construed under 29 U.S.C. 185.

12. Rogers was denied a fair hearing.

13. The contract is not a common law contract, but the Constitution is a contract under the plain meaning of the statute under 29 U.S.C. 185.

14. AFGE upheld Roger's six-year suspension but somehow refused to even investigate any of the financial irregularities Rogers lodged against AFGE, amounting those irregularities, as "minor record-keeping violations, rather than major corruption."

15. AFGE District 5 commenced charges against Rogers after Rogers questioned computer and financial irregularities with AFGE's monies, specifically local AFGE Union AFL-CIO LU 987 which is part of AFGE 5th District C-19 of which Rogers was Secretary/Treasurer.

16. AFGE AFL-CIO LU 987 received numerous LMRDA violations by the Department of Labor due to improper use of credit cards, failure to record receipts, and failure to report certificates of deposits and interest of said certificates of deposits.

17. Rogers resubmitted charges against AFGE District 5 National Vice President Everett B. Kelly on June 27, 2016.

18. Gail Rogers notified AFGE National President John David Cox on June 20, 2016 and July 17, 2016 that because the Department of Labor never substantiated charges against Rogers, that AFGE was prohibited from taking adverse action against Gail Rogers, and yet AFGE District 5 failed to clear Gail Rogers' name, reinstate Rogers to office, or put Rogers in good standing with AFGE.

19. Instead AFGE retaliated against Rogers for her repeated right of free speech and assembly under 29 U.S.C. 411(a)(2).

20. Rogers continued to complain to AFGE in writing and at meetings of the illegal financial practices and irregularities in the books discovered prior to

2012 to the present.

21. AFGE District 5 took over local AFGE Union 987 in trusteeship and intervened in local elections, removing duly elected Union Officers in violation of the AFGE Union Constitution, on or about August 12, 2016.

22. AFGE District 5 breached the Union Constitution. The Union Constitution is a contract.

23. AFGE 5th District barred Rogers from doing any work with the Union, only allowing Rogers to go to meetings.

24. While Gail Rogers is not currently under the illegally mandated 6-year suspension and AFGE 5th District Vice President Everett Kelley, Rogers was temporarily disqualified from office, in violation of 29 U.S.C. 411(a) (5)

25. Everett Kelly has denied Gail Rogers the ability to assist in registering new union members or assist with any union activities, in violation of Rogers right to free speech and free assembly under 29 U.S.C. 411(a)(2)

26. AFGE Local 987 of which is part of AFGE 5th District is a part of, has over $2 million dollars in actual cash on hand, with projected dues of over $1.5 million dollars in membership dues from Robins Air Force Base alone with well over 3269 members of AFGE from Robins Air Force Base; meaning that when AFGE 5th District National Vice President Everett Kelley persuaded AFGE National President John David Cox to impose trusteeship, taking over all the

equities and properties, tangible and otherwise of AFGE Local 987 into AFGE 5th District, AFGE 5th District hit the proverbial lottery, assuming financial control of all the assets in the organization.

27. Gail Rogers was secretary/treasurer of AFGE 5th District for over 9 years, and never had any issues until Rogers noticed financial irregularities in AFGE accounting and record keeping that, contrary to AFGE National did amount to major financial corruption and not minor technical irregularities.

28. AFGE hid assets and erroneously put monies in other sources or names not documented for the records.

29. LMRDA imposes a fiduciary obligation on officers, agents, shop stewards, and other representatives of a labor organization.

30. AFGE has conducted and continues to conduct business through legitimate and illegitimate means in the form of an association-in-fact enterprise and or legal entity enterprise.

31. At all relevant times, AFGE is a RICO Defendant, or "person" under 18 U.S.C. §1961 (3) and O.C.G.A §16-4-3 because AFGE is capable of holding and does hold a "legal or beneficial interest in property."

32. AFGE committed predicate acts that contributed to the acquisition and control of the enterprise, which resulted in direct injury to Rogers.

33. Everett Kelly requested that Local 987 be placed in trusteeship.

34. Everett Kelly has requested that many locals in the 5th District be placed in trusteeship.

35. Local 987 has the largest membership and dues intake, taking in membership dues of about $1.4 million dollars per year.

36. After Local 987 was placed in trusteeship, Everett Kelly violated the AFGE Constitution and changed the local bylaws.

37. Everett Kelly changed the local 987 bylaws so that all local due money, all $1.4 million dollars' worth of dues money goes directly to the AFGE National Office.

38. Everett Kelly illegally changed Local 987's bylaws so that the local bylaws regarding dues money could not be changed without the National AFGE NEC Approval.

39. Said new bylaws is in direct contradiction to the AFGE Constitution.

40. Tom Scott was tired of Gail Rogers questions regarding his expenditures with AFGE.

41. Everett Kelly was tired of Gail Rogers questions regarding his financial dealings with AFGE.

42. Gail Rogers was brought up on kangaroo or sham charges before she could even turn in and fill out a voucher.

43. Rogers suffered individual harm caused by AFGE.

44. AFGE has violated RICO, misappropriated funds, failed to reimburse for elections and expenditures, all the while allegedly disqualifying Gail Rogers from office for failure to turn in a voucher and for allegedly using postage stamps.

45. Gail Rogers complained and voiced her opinion at AFGE Meetings regarding misappropriation of funds, misappropriation of official time- i.e.: official leave time given to AFGE members not on the official union steward list to receive compensable time.

46. The U.S. Department of Labor Audit showed that Tom Scott used AFGE funds for his own personal gains.

47. Retaliation charges were filed against Everett Kelly, and AFGE failed to address the charges within the required 180-day time period.

48. Stuart Kirsch was at several AFGE 5th District Meetings where Gail Rogers alleged improper conduct and exercised her freedom of speech.

49. Stuart Kirsch is an essential witness in the case, having spoke up about the voucher and reimbursement at the AFGE 5th District Meeting.

50. Vera Harding never got Gail Rogers the Georgia Power Bill.

51. Everett Kelly told Gail Rogers that it did not matter is she was late turning in the receipts, and to wait on the Georgia Power Bill.

52. AFGE Constitution prohibits the Investigative Committee being a party involved in the investigation.

53. Gail Rogers was trained by NVP Charlotte Flowers who approved and instructed Gail Rogers as to how to prepare Rogers' paperwork.

54. Pamela Gilbertz was on the Hearing Panel against Gail Rogers, even though Gilbertz had similar record keeping violations, lunch purchases not supported by receipts, improper disbursements to officers, and improper cash reconciliations.

55. After Pamela Gilbertz ruled against Gail Rogers, Gilbertz was rewarded by being placed in Gail Rogers' Secretary/Treasurer Position for 5th District AFGE.

56. To squelch Gail Rogers right to free speech, the audit committee audited Gail Rogers expenditures during her trip, which was unheard of.

57. Anthony Young was written up for personal trips with no receipts to back up expenses.

58. Anthony Young was on the investigating committee for Gail Rogers, even though Young had

**Count 1**

**Breach of Contract Claim under 29 U.S.C. 185**

59. Rogers realleges and reincorporates paragraphs 1-58.

60. AFGE Constitution is a contract within the meaning of the 29 U.S.C. 185, and Gail Rogers asserts a claim against AFGE under 29 U.S.C. 185.

61. Article XXIII requires a fair hearing.

62. Gail Rogers did not get a fair hearing.

63. Gail Rogers can and does assert a claim under 29 U.S. C. 185 because the AFGE Constitution is a contract within the statute, just not a common law contract.

64. Because Gail Rogers did not get a fair hearing, AFGE breached its contract under the statute, and Gail Rogers suffered damages.

**Count 2**

**Temporary Disqualification from Holding Elected Office**

**in Violation of Bill of Rights under 29 U.S.C. 411(a) (5)**

65. Gail Rogers realleges and reincorporates paragraphs 1-64.

66. Gail Rogers was temporarily disqualified from holding elected office, in violation of 29 U.S.C. 411(a) (5).

67. Gail Rogers was denied a fair hearing under the statute and was temporarily disqualified from holding elected office.

68. AFGE has violated the 29 U.S.C. 411(a)(5), and as a result Rogers has suffered damages.

**Count 3**

**Retaliation**

**For Protected Speech and Freedom of Assembly**

**under 29 U.S.C. 411 (a) (2)**

69. Gail Rogers realleges and reincorporates paragraphs 1-68.

70. Gail Rogers was retaliated against for protected speech in violation of 29 U.S.C. 411(a) (2).

71. Gail Rogers was denied her freedom of speech and freedom of assembly.

72. Gail Rogers complained of improper accounting, and irregular financial dealings within AFGE's books.

73. Gail Rogers spoke up about charges against Tom Scott, never being investigated.

74. Gail Rogers spoke up about charges against Everett Kelly, never being investigated.

75. Gail Rogers was denied the right to assemble and assist with organizing AFGE membership.

76. Union President Robbie Tidwell was called by MVP Everett Kelly who told Robbie Tidwell that Gail Rogers was not allowed at the AFGE Union Hall to assemble and assist with the AFGE Membership Organization Drive, in

violation of Gail Rogers' rights.

77. Everett Kelly retaliated against Gail Rogers because Gail Rogers noticed and voiced of her findings of financial irregularities in AFGE 5th District.

78. Because of the retaliation, Gail Rogers was humiliated, embarrassed, and suffered damages.

WHEREFORE, the Plaintiff, Gail Rogers respectfully requests the Honorable Court:

(a) Order AFGE in violation of said actions outlined herein;

(b) Award Rogers all damages: equitable and compensatory, to the fullest extent of the law, including all attorney fees;

(c) Award Rogers treble damages and punitive damages;

(d) Allow Rogers a trial by jury;

(e) Declare Rogers 6-year suspension invalid, and order AFGE to apologize to Rogers;

(f) Award all other relief as justice so may require and so allowed under federal and state law.

Respectfully submitted this 10th day of AUGUST 2018.

/s/ Bonnie Michelle Smith
Bonnie Michelle Smith
Georgia Bar No. 654848
MICHELLE SMITH ATTORNEY AT LAW
P.O. Box 8633
Warner Robins, GA 31095
Telephone: 478.953.3661
Facsimile: 888.646.8754
msmith158@juno.com

*Attorney for Plaintiff GAIL ROGERS*