# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA,
# ATLANTA DIVISION

| | |
|---|---|
| GAIL ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 1:18-cv-1676-WMR |
| ) | |
| AMERICAN FEDERATION OF ) | |
| GOVERNMENT EMPLOYEES, ) | |
| AFL-CIO, and AFGE DISTRICT 5, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND DECISION

Before this Court are Defendants American Federation of Government Employees, AFL-CIO, AFGE District 5 (collectively "AFGE")'s initial Motion to Dismiss [Doc. 6], Plaintiff's Motion for Leave to Amend Complaint [Doc. 12], AFGE's Motion for Sanctions [Doc. 8], and AFGE's Motion to Dismiss the Second Amended Complaint [Doc. 14]. Having considered the parties' submissions on the respective motions, the parties' arguments at the hearing held on February 14, 2019, and for good cause shown, Plaintiff's Motion for Leave to Amend Complaint [Doc. 12] is GRANTED; AFGE's initial Motion to Dismiss [Doc. 6] is DENIED AS MOOT; AFGE's Motion for Sanctions [Doc. 8] is DENIED; and AFGE's Motion to Dismiss the Second Amended Complaint [Doc. 14] is GRANTED.

## I.   BACKGROUND

AFGE is a government employee labor organization which primarily represents federal government employees. *See* Doc. 12-1 at ¶2. In 2012, pursuant to AFGE's constitution, internal misconduct charges were issued against Plaintiff. *See* Doc. 12-1 at ¶8 and Doc. 14-2. A trial committee was appointed to hear and evaluate the accuracy of the internal charges. *See* Doc. 12-1 at ¶54. Plaintiff was notified of the charges, notified of the trial held on or about April 19, 2012, and was afforded the opportunity to attend and present information at trial. *See* Doc. 12-1 at ¶8 and Doc. 14-2. Thereafter, the trial committee upheld the charge of misconduct and suspended Plaintiff from holding elected or appointed office for six years, i.e., until May 16, 2018. *See* Doc.12-1 at ¶8 and ¶14; Doc. 14-2. Plaintiff was notified of the trial committee decision and she appealed the ruling. The initial appeal was denied. Plaintiff had the right but did not further appeal through the internal appeal process. *Id*.

On one occasion, during Plaintiff's period of suspension, AFGE Local 987 held a "Lunch and Learn" event at which representatives of the Local spoke about union membership. However, Plaintiff was not permitted to represent the Local due to her suspension from holding appointed or elected office. *See* Doc. 19 at p.5. Plaintiff acknowledges that her six-year suspension from holding appointed or elected office is no longer in effect. *See* Doc. 12-1 at ¶24.

At hearing before this Court, Plaintiff conceded that she was aware of the internal trial and the panel's decision in 2012. Plaintiff averred, however, that harm to her good name and reputation continues, and her sole purpose in bringing this litigation is to seek relief for this perceived harm.

## II.   LEGAL STANDARD: MOTION TO DISMISS

The test for assessing whether claims must be dismissed pursuant to Rule 12(b)(1) depends on which type of challenge to jurisdiction is posed, "facial" or "factual." Carmichael v. Kellogg, Brown & Root Services, Inc., 572 F.3d 1271, 1279 (11th Cir. 2016). In a factual or substantive challenge to subject matter jurisdiction, the Court will not presume that the factual allegations of the complaint are true. *Id*. Instead, the Court can receive and consider extrinsic evidence and weigh the evidence to find facts related to jurisdiction, as long as the factfinding does not reach the merits of the dispute. *Id*.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (127 S.Ct. 1955, 167 L.Ed.2d 929) (2007)). In reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true the well-pleaded allegations of the complaint and view them in the light most favorable to the plaintiff. *Id*. at 1288; *see also* Mills v.

Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326 (109 S.Ct. 1827, 104 L.Ed.2d 338) (1989).

### III. DISCUSSION: MOTION TO DISMISS

AFGE moves to dismiss with prejudice all three counts set forth in Plaintiff's Second Amended Complaint asserting a lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, that motion is granted.

**A. Labor-Management Relations Act**

This Court does not have jurisdiction over Count 1 of Plaintiff's Second Amended Complaint alleging a violation of the Labor-Management Relations Act ("LMRA"). Section 301(a) of the LMRA provides federal jurisdiction over suits alleging "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations[.]" 29 U.S.C. § 185(a); United Ass'n. of Journeymen & Apprentices of Plumbing & Pipefitting Industry of the United States and Canada, AFL-CIO v. Local 334, 452 U.S. 615, 619 (101 S.Ct. 2546, 69 L.Ed.2d 280) (1981). Plaintiff is a retired federal government employee and thus is neither an "employer" nor a "labor organization" within the meaning of the LMRA. Further, even if Plaintiff could plead such a claim, Plaintiff is not enforcing a local union's

rights *vis a vis* the national union's Constitution.  Consequently, Plaintiff cannot maintain an LMRA Section 301 claim against the AFGE.

Generally, Section 301 has been expanded to include a cause of action for violation of a private sector union's constitution and bylaws in relation to their duty of fair representation. *See* United Ass'n. of Journeymen & Apprentices of Plumbing & Pipefitting Industry, 452 U.S. at 622-627 (Section 301 provides federal jurisdiction to suits from members of a private sector union in an industry affecting commerce alleging a violation of the union's constitution).  The Supreme Court has also expanded Section 301 to let individual members of a private sector union assert claims to vindicate their local union's rights against the parent union. *See* Wooddell v. Int'l Brotherhood of Elec. Workers, Local 71, 502 U.S. 93, 98-101 (112 S.Ct. 494, 116 L.Ed.2d 419) (1991).  This case, however, involves a retired public sector employee, a public sector employer, and public sector labor organization. *See* Doc. 12-1 at ¶¶2, 3 and 26.

The LMRA does not apply to union members whose union locals or chapters exclusively represent federal or government employees even if the national union is mixed.  *See* Brown v. Nicholson, 2006 WL 1233045, at **1-4 (W.D. Pa. 2006) (dismissing a Section 301 claim against AFGE Local 2028, which exclusively represented federal employees); Bourdon v. Canterbury, 2012 WL 1155806, at *1 (D.C. Cir. 2012) ("Appellants may not circumvent the CSRA's comprehensive

statutory scheme by framing their claims for breach of the duty of fair representation as claims under the Labor Management Relations Act [Sec. 301]."); and Lane v. Wynne, 2006 WL 4711891, at *5 (D. Md. 2006), aff'd. 218 F. App'x. 262 (4th Cir. 2007) (no Section 301 jurisdiction against AFGE Local 1092; Section 301 authorizes actions in federal district court for enforcement of collective bargaining agreements in the private sector, and that the [Civil Service Reform Act] does not include similar provision).

These holdings that the LMRA does not apply to federal sector employment and federal sector labor organizations are consistent with the overarching scope of the Civil Service Reform Act (CSRA), which provides an "integrated scheme of administrative and judicial review" for federal government employees to challenge a union's alleged violation of the duty of fair representation. United States v. Fausto, 484 U.S. 439, 445 (108 S.Ct. 668, 98 L.Ed.2d 830) (1988); *see also* Eglin v. Dept. of Treasury, 567 U.S. 1, 5, 8-23 (132 S.Ct. 2126, 183 L.Ed.2d 1) (2012); Karahalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 534 (109 S.Ct. 1282, 103 L.Ed.2d 539) (1989) ("there exists no [federal sector] equivalent to Section 301 of the [LMRA] which permits judicial enforcement of private collective bargaining contracts."); Price v. United States, 2016 WL 8711623, at *5 (E.D. La. 2016) (no Section 301 equivalent under the CSRA).

Lastly, the Court lacks jurisdiction on Count 1 of the Second Amended Complaint since Plaintiff is invoking §185(a) to assert a claim in her personal capacity and not on behalf of her local chapter against the parent union. *See e.g.*, Hillman v. AFGE, 2019 WL 340841, at *4 (D. D.C. 2019) ("But § 185(a) does not confer standing on individual members to advance wholly personal claims . . . So the Court lacks jurisdiction . . ."). Like the plaintiffs in Hillman, Plaintiff employs the statute's authorizations for suits "between . . . labor organizations" improperly to sue AFGE for removing and then suspending "her from office without the required process." *Id.* The LMRA, however, does not confer standing on individual members to advance wholly personal claims, so this Court lacks jurisdiction over Plaintiff's LMRA claim. Therefore, for all the reasons stated above, this Court dismisses Count 1 of the Second Amended Complaint with prejudice.

### B. Labor-Management Reporting and Disclosure Act

This Court does not have jurisdiction over Counts 2 and 3 of the Second Amended Complaint which allege a violation of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411 ("LMRDA"). AFGE argues that both counts should be dismissed due to a lack of standing, mootness, and as untimely. With respect to Count 2, AFGE further argues the rights protected by 29 U.S.C. § 411 (a)(5) only give rise to actions pertaining to disciplinary actions against members

with respect to their rights or status as *members* of the union, and not to an elected officer's removal and suspension from holding office within the union.

### (1) Standing/Mootness

If a complaint cannot be redressed by the relief requested, there is no live case or controversy before the court and the court lacks standing over the matter. Campbell-Ewald Co. v. Gomez, ___ U.S. ___, 136 S. Ct. 663, 669, 193 L.Ed.2d 571 (2016); Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (117 S.Ct. 1055, 137 L.Ed.2d 170) (1997) ( The "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (95 S.Ct. 2330, 45 L.Ed.2d 272) (1975)); Jara v. Núñez, 878 F.3d 1268, 1272 (11th Cir. 2018) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting De La Teja v. United States, 321 F.3d 1357, 1362 (11th Cir. 2003)).  AFGE is correct that as of May 16, 2018, i.e. before the original complaint was served on the defendants [*See* Doc. 5], both Plaintiff's term in office and her suspension from holding appointed or elected office had ended.  Thus, even if this Court were to reach the merits of the case, the Court could no longer restore Plaintiff to her term of elected office nor eliminate her past suspension from holding appointed or elected office.  Plaintiff's prayer for attorney's fees does not establish standing.  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (110 S.Ct. 1249, 108 L.Ed.2d 400) (1990)

(An "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."); Spirit of the Sage Council v. Norton, 411 F.3d 225, 229 (D.C. Cir. 2005) (dismissing case for lack of Article III standing when underlying dispute was resolved and party only sought a favorable ruling for purposes of attorney fees).  Similarly, a request for declaratory relief or nominal damages to "serve no purpose other than to affix a judicial seal of approval to an outcome that has already been realized" does not overcome mootness and/or create standing.  Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia, 868 F.3d 1248, 1264 (11th Cir. 2017).  As a result, there is no live case or controversy before the Court as required under Article III of the U.S. Constitution.

### (2) Applicability of §411(a)(5) to Count 2

AFGE is also correct that, with respect to Count 2 of the Second Amended Complaint, the rights protected by 29 U.S.C. § 411 (a)(5) only give rise to actions pertaining to disciplinary actions against members with respect to their rights or status as members of the union and not to their removal and suspension from holding office within the union. *See* Finnegan v. Leu, 456 U.S. 431, 438 (102 S.Ct. 1867, 72 L.Ed.2d 239) (1982); Dolan v. Transport Workers Union of America, 746 F.2d 733, 740 (11th Cir. 1984).

**(3) Untimeliness**

Even if there were an available remedy in this matter, Counts 2 and 3 of the Second Amended Complaint are fatally flawed as they are both barred by the statute of limitations. The statute of limitations under the LMRDA is governed by state general or residual personal injury statutes of limitation. Reed v. United Transportation Union, 488 U.S. 319, 323-334 (109 S.Ct. 621, 102 L.Ed.2d 665) (1989) (The proper statute of limitations for claims arising under the LMRDA "bill of rights" [29 U.S.C. §411(a)(2)] is governed by state general or residual personal injury statutes); Hester v. International Union of Operating Engineers, 878 F.2d 1309, 1310 (11th Cir. 2007) (finding "no reason to distinguish between claims brought under [§411(a)(2) and §411(a)(5)], and thus we follow the [statute of limitations] rule the Court articulated in Reed" to apply to 29 U.S.C. § 411(a)(5)). Under Georgia law, that limitations period is two years. *See* O.C.G.A. § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues[.]"). Since Plaintiff's claims arise from her discipline in 2012, her claims brought pursuant to 29 U.S.C. § 411(a)(2) and § 411(a)(5) are both time-barred.

Plaintiff contends that the internal appeal process extended the period to file her lawsuit, and that the harm to her reputation is a "continuing violation." Thus,

she argues, her lawsuit should be considered timely under the "continuing violation doctrine," which is an equitable exception to the timely filing requirement. The continuing violation doctrine recognizes that there may be situations where the illegality of a defendant's conduct only becomes apparent over a period of time and, in such cases, an otherwise diligent plaintiff should not be penalized for his or her delay in filing suit. This is not such a case.

Where the conduct consists of a discreet and actionable injury of which a reasonable plaintiff would have been aware, the continuing violation doctrine has no application. Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1335 (11th Cir.2006) (the continuing violation doctrine does not apply to situations in which a reasonably prudent plaintiff would have been able to determine that a violation had occurred); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1222 (11th Cir.2001) ("If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine[.]"). As applied herein, Plaintiff concedes that by June 2012 she knew of the internal hearing panel's decision to suspend her from holding appointed and elected office for a period of 6 years. The six-year suspension was sufficiently adverse and the consequences of such were sufficiently permanent to put any reasonable person on notice to immediately file suit.

Plaintiff's decision, as asserted at the motions hearing, to wait until all internal appeal processes were complete still render this lawsuit untimely and did not convert the 2012 suspension into a continuing violation. In <u>Shivers v. International Broth. of Elec. Workers Local Union 349</u>, 262 Fed.Appx. 121 (11th Cir. 2008), the U.S. Court of Appeals for the Eleventh Circuit, relying on <u>Hester,</u> interpreted the "final union action" to be after the decision of the initial appeal of the discipline and when no further appeal was taken and/or possible. *Id*. at 128. In 2012, Plaintiff appealed her suspension to the National Executive Council and her appeal was denied. See Doc. 14-2. Consistent with the AFGE Constitution, Plaintiff could have further appealed to the 2015 Convention but did not. *Id.* Thus, the statute of limitations began to run starting August 2015, if not earlier, due to Plaintiff's failure to exhaust internal appeal remedies.[1] Plaintiff's June 2016 letter (Doc. 14-2) to AFGE challenging the 2012 suspension did not restart the clock.

Plaintiff's assertion that that the suspension has caused ongoing damage to her reputation does not create a continuing violation. "In determining whether to characterize a violation as 'continuing,' it is important to distinguish between the 'present consequences of a one-time violation,' which do not extend the limitations period, and 'a continuation of a violation into the present,' which does." <u>National

---

[1] The Court takes judicial notice that the AFGE Convention 2015 took place in August 2015. *See* https://www.afge.org/article/afge-stresses-big-enough-to-win-solidarity-on-1st-day-of-convention/ (last viewed February 2019).

Parks and Conservation Ass'n, Inc. v. Tennessee Valley Authority, 502 F.3d 1316, 1322 (11th Cir. 2007); *see also* Weis-Buy Serv., Inc. v. Paglia, 411 F.3d 415, 423 (3d Cir.2005) ("'a continuing violation is occasioned by continual unlawful acts, not continual ill effects from the original violation.'"). As applied herein, any present reputational damage would be a continual ill effect from the original 2012 decision to suspend Rogers and thus does not extend the limitations period. Because Plaintiff filed this lawsuit well past the two-year statute of limitations, Counts 2 and 3 of the Second Amended Complaint must be dismissed with prejudice.

### C. Other claims referred to by Plaintiff

Plaintiff's Second Amended Complaint also refers to violation of additional laws, e.g. Title VII of the Civil Service Reform Act, the Federal Service Labor Management Relations statutes, Federal Whistleblower Protection, and federal and state Racketeer Influenced and Corrupt Organizations statutes. *See* Doc. 12-1 at ¶6. In addition, Plaintiff's Second Amended Complaint makes numerous references to trusteeship. *See* Doc. 12-1 at ¶21, 26, 33, 34, and 36. However, at the motions hearing on February 14, 2019, Plaintiff's counsel clarified that these statutory references and information were provided as background, and conceded that Plaintiff abandoned any such claims. To the extent that Plaintiff intended to invoke protection under these laws or related to trusteeship, the claims are dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

A. Plaintiff's Motion for Leave to Amend [Doc. 12] is GRANTED;

B. AFGE's initial Motion to Dismiss [Doc. 6] is DENIED AS MOOT;

C. AFGE's Motion for Sanctions [Doc. 8] is DENIED; and

D. AFGE's Motion to Dismiss the Second Amended Complaint [Doc. 14] is GRANTED, and the Plaintiff's Second Amended Complaint [Doc. 12-1] is DISMISSED WITH PREJUDICE.

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED, this 28th day of February, 2019.

_____
WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia